JOAN BERNARD ARMSTRONG, Chief Judge.
1 Rockwood Properties, Inc. (Rockwood) sued Mahmoud Mohamad Amireh and Lutfia Amireh for past due rent for a gasoline service station and food store located in eastern New Orleans. The trial court granted Rockwood’s Motion for Summary Judgment on April 16, 2004. The Amirehs filed a Motion for New Trial and to Nullify Judgment on May 14, 2004, alleging improper service, fraud and deceit, that the judgment was contrary to the law and the evidence, and that the interest of justice would be served by the granting of the motion. After a show-cause hearing and the enrollment of additional counsel for the Amirehs, the trial court on August 6, 2004 denied the motion and sanctioned counsel for the Amirehs for the filing of a frivolous appeal.
There is no dispute that on January 28, 1998, Rockwood and the Amirehs entered into a lease for the premises, a copy of which was attached to Rockwood’s petition. According to the lease agreement, the lease would commence on January 28, 1998 and terminate on October 24, 2001 with an option to the lessee to extend the lease for an additional five years upon giving lessor written notice not later 12than four months prior to the expiration of the primary term, the rent for' the extended term to be negotiated at that time. The lease also provided for a one year reconduction upon the lessee’s failure to surrender the premises on the termination of the lease. The initial rent was set at $3,465 per month, with increases based on the Consumer Price Index.
Rockwood moved for summary judgment, alleging that the Amirehs were in arrears for rental payments in 2000, 2001 and 2002 totaling $55,770. Furthermore, the Amirehs improperly removed $20,000 of equipment from the leased premises. These claims were supported by copies of the lease agreement, to which the Amirehs had sworn before a Notary Public at the time of executions; a copy of Rockwood’s motion to compel answers to interrogatories and for production of documents; the notice of the signing of the judgment compelling discovery and assessing penalties against the Amirehs’ for attorney’s fees in connection with the motion to compel; the affidavit of Kirit Ved, sole Rockwood shareholder, averring that Rockwood owned the leased premises’, setting forth the amount of rental payments owed by the Amirehs, averring that the Amirehs removed approximately $20,000 of equipment from the leased premises, and averring that the Amirehs at all times acknowledged the existence of the rental debt and promised to make payment in full.
*613 The Amirehs filed no countervailing evidence, and the trial court entered judgment granting Rockwood’s motion, ordering the Amirehs to pay the full sum of $75,770. In response to the judgment, counsel for the Amirehs filed a motion |3for new trial and to nullify judgment supported by his affidavit alleging that he was not served with a copy of the motion for summary judgment. Rockwood filed an opposition and request for sanctions pursuant to La.C.C.P. art. 863, attaching the affidavit of Deputy Maurice McGee attesting that on March 5, 2004 at approximately 12:47 p.m. he effectuated personal service of the motion for summary judgment on counsel for the Amirehs at 8138 Green Street in New Orleans.
It appears that the Amirehs’ notice of appeal was not timely filed. The trial court issued its notice of judgment on May 5, 2004. On May 14, 2004, the Amirehs filed their motion for new trial. The trial court denied that motion on August 6, 2004, awarding sanctions. The trial court issued its notice of that judgment on August 18, 2004. The Amirehs had the duty to file their notice of appeal no later than October 25, 2004. La. C.C.P. art. 2087(A)(2). It was not until November 29, 2004 that the Amirehs filed a motion for extension of time to file the notice of appeal, which the trial court denied. On November 30, 2004, they filed their motion and order for appeal.
The appeal having been untimely filed, it is hereby dismissed.
APPEAL DISMISSED AS UNTIMELY.